HARRIS *et al.*, Appellants, v. HARRIS *et al.*, Respondents.

1. To entitle a party to a suit, under the eleventh section of the twenty-fourth article of the practice act of 1849, or the third section of the act concerning witnesses (R. C. 1855, p. 1577), to examine as a witness in his behalf a party to the suit, the party summoned must be an *adverse* party, and not merely an opposing party on the record.

*Appeal from Pike Circuit, Court.*

*Broadhead*, for appellants.

I. The court erred in excluding the testimony of Mrs. Whitlock.

*Henderson*, for respondents.

RICHARDSON, Judge, delivered the opinion of the court.

This was a proceeding, under the 31st section of the act concerning wills (R. C. 1845, p. 1083), to contest the validity of the will of Lewis Harris. The petition was filed by three of the heirs at law—two of whom were the administrators of the estate—against the widow, the other heirs at law, and the legatees under the will. On the trial the plaintiffs offered to read in evidence the deposition of Mrs. Whitlock, one of the defendants, who was one of the children of the testator and also one of the legatees of the will; but it appeared that she would receive a larger interest in the estate as heir at law, if the will were set aside, than she would take under the will as legatee, and on the objection of her co-defendants the deposition was excluded. The propriety of this decision presents the only question to be considered. The petition is silent as to the reason she was made a defendant.

At common law the witness would be incompetent for two reasons; first, because she was a party to the record, and next, for the reason that she was interested in the suit on the side of the party calling her; but it is insisted that the rules of the common law do not affect the question, and that it is to be determined by our statute law. The only provisions of the statute, that bear on the question, are contained in the act concerning witnesses, (R. C. 1855,) and are as follows: "Sec. 1. No person offered as a witness shall be excluded by reason of his interest in the event of the action. Sec. 3. Any party to a civil action or proceeding may compel any *adverse* party, or person for whose benefit such action or proceeding is instituted, prosecuted or defended, to testify at the trial or by deposition as a witness, &c. Sec. 6. The following persons shall be incompetent to testify: first, a party to the action, or any person for whose immediate benefit the action is prosecuted or defended, except as hereinbefore provided in this act," &c.

By the first section interest alone does not disqualify a witness; but that section does not apply to a party to the action; for the sixth section renders him incompetent to testify for himself, or to testify at all unless he is included in the exception referred to in the sixth section; and though that exception evidently has reference to the third section, yet when a party attempts to avail himself of the third section, the person called as a witness must be an *adverse party* and not simply an opposing party on the record.

Under the code, as formerly in chancery, all persons interested in the subject of the action must be made parties; and their relative position as plaintiffs or defendants is often immaterial, and is frequently assigned at the pleasure of the plaintiff, or under an arrangement with him. And though the statute requires that "if the consent of any one who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason thereof being stated in the petition," it would be very easy for one, who is interested in the relief sought, to refuse to join, in order that an advantage

may be gained by his deposition as defendant, or, though willing to share the fruits of the litigation, would be unwilling to bear any of its expenses. If a defendant, who is not adverse in interest to the plaintiff, may be examined as a witness by the plaintiff, he can give evidence in his own cause and for his own benefit, which he could not do if he occupied his true position on the record; and after he has testified he could call the plaintiff, and between them the other defendants might be sacrificed. Under the construction contended for by the appellants, it would be impossible to prevent collusion, or to prevent a party from testifying in his own behalf.

All the provisions of the statute we are considering are contained in the code of 1849, but not arranged in the same order; and an examination of their contexts, in the acts that first introduced them, may aid us in construing them. The third section of the act of 1855 is the eleventh section of the 24th article of the act of 1849, and the first and sixth sections of the act of 1855 are found in the twenty-fifth article of the code of 1849 in this connection: " Sec. 1. No person offered as a witness shall be excluded by reason of his interest in the event of the suit. Sec. 2. The *last section shall not apply to a party to the action*, nor to any person for whose immediate benefit it is prosecuted or defended," &c. It will be observed that the provision that allows one party to call as a witness an adverse party is in the twenty-fourth article, and stood first in point of order. The first section in the next article, at one sweep, abolishes an old and well-established rule of evidence; but the second section limits the operation of the first, and declares that it shall not extend " to a party to the action," and thus not only prevents a party from offering himself as a witness, but disqualifies an adverse party if he has an interest in favor of the party calling him; and his competency on the score of interest is left unaffected by the statute, but must be determined by the familiar rules of the common law.

The Supreme Court of New York (Hollenbeck v. Van Valkenburgh, 1 Code R., N. S., 33) has given the same con-

struction to like sections in their code; and though the decision was made in 1850, we are not aware that it has been disturbed. The judgment is affirmed, with the concurrence of the other judges.