GEORGE G. PRESBURY *et al.*, Respondents, v. JOSEPH L. PA-PIN *et al.*, Appellants.

1. When the endorser is joined as defendant in a suit with the maker of a promissory note, the endorser is not a competent witness for the plaintiff against the maker and prior endorsers as being an adverse party. The last endorser is interested in having judgment rendered against the maker and the prior endorsers.

*Appeal from St. Louis Circuit Court.*

For statement see opinion.

*A. J. P. Garesché,* for appellants.

As a subsequent endorser, Waugh was an incompetent witness against the prior parties to the note. (Harris v. Harris, 25 Mo. 567.)

*M. L. Gray*, for respondents.

Waugh was a competent witness as an adverse party. (R. C. 1855, p. 1577, § 3 ; Fagan v. Long, 30 Mo. 222.)

BATES, Judge, delivered the opinion of the court.

The parties agree upon a statement of the case as follows: " This is a suit upon a negotiable note, drawn by the defendant Papin to the order of C. D. Sullivan & Co., defendants. The petition states that it was endorsed by C. D. Sullivan & Co. and by James Waugh. Separate answers were filed, that of Papin putting in issue the endorsement of C. D. Sullivan & Co. At the trial, plaintiffs called upon defendant Waugh, a subsequent endorser, to prove this prior endorsement. Defendants objected to him as an incompetent witness; but the objection having been overruled by the court, defendants then and there excepted. No other witness was examined. All other issues set up by the answers were waived. Judgment having been rendered for plaintiffs, de fendants moved for a new trial; which having been overruled, defendants excepted, and bring the case up by ap peal."

The only question was whether Waugh was a competent witness to prove the endorsement by Sullivan & Co. This court, in the case of Harris v. Harris, 25 Mo. 567, held, that the statute permitting a party to a civil action to compel any adverse party to testify as a witness, intended that the party called as a witness should be adverse to the party calling him, in interest, and not merely an opposing party on the record. We see no reason to doubt the propriety of that decision. In the present case, Waugh's interest was not adverse to the plaintiffs'. Being himself the last endorser, it was his interest that the plaintiff should have judgment against the maker

of the note and the prior endorsers ; he was therefore not a competent witness. This decision does not at all conflict with that of Fagan v. Long, in 30th Mo. Rep. 222 ; for in that case the court held, only, that a party to a suit might examine an adverse party, and that the party there examined was an adverse party because he was primarily liable with his co-defendant ; but in this case the liability of Waugh, the witness, resulted only from the default of his co-defendant, and was secondary only.

The other judges concurring, the judgment below is reversed and cause remanded.